**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MELODY DEPACE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. |
| v. | ) | |
| | ) | |
| CHRISTIANA CARE HEALTH SYSTEM, | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## INTRODUCTION

1.    Plaintiff, Melody Depace ("Plaintiff"), files this action against Defendant Christiana Care Health System ("Defendant" or "Christiana Care") for back pay, front pay, compensatory damages, punitive damages and attorneys' fees for violations of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA").

## NATURE OF THE ACTION

2.    Defendant employed Plaintiff for over thirty years.

3.    Defendant engaged in religious discrimination and failed to accommodate Plaintiff in violation of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

4.    Defendant engaged in disabilities discrimination and failed to accommodate Plaintiff by virtue of her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

## JURISDICTION

5.    This Court has federal question jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343.

6.      Venue is proper in this district pursuant to 29 U.S.C. § 1331, as well as 28 U.S.C. § 1391(b).

## PARTIES

7.      Plaintiff is a resident of New Castle County, Delaware, who at all times relevant to this Complaint was an employee of Defendant Christiana Care.

8.      Defendant Christiana Care is a private, non-profit corporation with its headquarters located at 4735 Ogletown-Stanton Road, Newark, DE 19713.

## ADMINISTRATIVE PROCESS

9.      On March 24, 2022, Plaintiff filed a timely Charge of Discrimination with the Delaware Department of Labor ("DDOL") and Equal Employment Opportunity Commission ("EEOC").

10.      On August 4, 2022, Plaintiff received a "Final Determination and Right to Sue Notice" from the DDOL, which included a No Cause determination, hereto attached as *Exhibit A.*

11.      On September 16, 2022, Plaintiff received a "Dismissal and Notice of Rights" from the EEOC, which included an adoption of the No Cause determination of the DDOL regarding Plaintiff's discrimination charge, hereto attached as *Exhibit B.*

12.      Plaintiff has satisfied all statutory prerequisites for filing this action.

## FACTS

13.      Plaintiff began her employment with Defendant Christiana Care in February of 1987.

14.      Plaintiff has held various administrative positions throughout her employment with Defendant.

2

15.    At the time of her termination, Plaintiff held the position of Senior Executive Assistant to Chief Virtual Health Officer.

16.    As a result of the COVID-19 Pandemic, Plaintiff began working remotely in or around March of 2020.

17.    In or around July 29, 2021, Defendant announced a Mandatory COVID-19 Vaccination policy ("Policy"), requiring all non-exempt employees to submit to the COVID-19 vaccination or face termination.

18.    Defendant's Policy states, "ChristianaCare will generally accept that an employee's request for religious accommodation is based on a sincerely held religious belief. However, if a caregiver requests a religious accommodation and ChristianaCare is aware of facts that provide an objective basis for questioning either the religious nature or the sincerity of a particular belief, practice, or observance, ChristianaCare will request additional supporting information from the caregiver."

19.    Defendant's Policy defines "caregivers" as "ChristianaCare employees (regardless of the type of work they do), Medical-Dental Staff, residents, students, contracted employees, temporary labor, volunteers and vendors."

20.    Defendant provided a religious accommodation request form which asked individuals to "Describe the religious belief or practice that necessitates this request for accommodation:"

21.    Plaintiff submitted a religious accommodation request to be exempt from Defendant's Policy before the September 1, 2021, deadline.

22.    Plaintiff detailed her faith to Defendant in her religious accommodation request.

23.    Plaintiff advised Defendant that she is a devote, practicing Christian.

24.    As a member of the Christian faith, Plaintiff believes that individuals receive the Holy Spirit within themselves.

25.    In accordance with the Christian faith, the Holy Spirit and the written word of God guides the conscience.

26.    Based on her beliefs and practices, Plaintiff was led by God not to get the vaccine.

27.    Plaintiff was never contacted to ask for additional support for her religious accommodation request.

28.    Per Defendant's stated Policy, Defendant did not question the religious nature or sincerity of Plaintiff's beliefs.

29.    On or around September 20, 2021, Plaintiff was notified that her religious accommodation request was denied.

30.    Defendant failed to discuss any possible reasonable accommodations with Plaintiff.

31.    Defendant failed to engage in any interactive process with Plaintiff regarding her request for an accommodation.

32.    Defendant could and did reasonably accommodate other employees.

33.    Plaintiff's request for accommodations would not have created an undue hardship on Defendant.

34.    On September 2, 2021, Plaintiff was hospitalized for metabolic encephalopathy and seizures.

35.    As a result, Plaintiff remained in the hospital until September 6, 2021.

36.    Upon her release, Plaintiff was sent home to recover and was instructed to forgo the COVID-19 vaccine.

37.    As a result of her medical condition, Plaintiff submitted an emergency medical accommodation request on September 14, 2021.

38.    Thereafter, Plaintiff was verbally notified that her medical accommodation request was denied.

39.    Plaintiff remained out of work on family medical leave until November 23, 2021.

40.    At the end of her leave, Plaintiff was terminated.

41.    Defendant failed to discuss any possible reasonable accommodations with Plaintiff.

42.    Defendant failed to engage in any interactive process with Plaintiff regarding her request for an accommodation.

43.    Defendant could and did reasonably accommodate other employees.

44.    Plaintiff's request for accommodations would not have created an undue hardship on Defendant.

45.    On November 22, 2021, Plaintiff was verbally told she will be terminated at the end of her family medical leave and was instructed to turn in her badge and all work from home equipment.

46.    On November 23, 2021, Plaintiff's family medical leave ended, and she was effectively terminated from her position.

47.    Plaintiff never received any written notice of her termination from Defendant.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendant:

## COUNT I
**Discrimination Based on Religion in Violation of the Title VII of the Civil Rights Act 1964**
**(42 U.S.C. §§ 2000e *et seq*. as Amended)**

48.     The allegations of Paragraphs 1 through 47 are incorporated by reference as if fully restated herein.

49.     Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 2000e(b) and 19 *Del. C.* § 710(7).

50.     At all times relevant hereto, Plaintiff was employed by Defendant and was an "Employee" as defined by 42 U.S.C. § 2000e(f) and 19 *Del. C.* § 710(6).

51.     Plaintiff received her Right to Sue letter from the EEOC on September 16, 2022 (*Exhibit A*). Plaintiff has satisfied all statutory prerequisites for filing this action.

52.     Title VII prohibits employers from "…discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;" 42 U.S.C. § 2000e2(a)(1).

53.     Title VII requires employers to make "reasonable accommodations for their employees' religious beliefs and practices, unless doing so would result in 'undue hardship' to the employer." *Id.*, 42 U.S.C. § 2000e(j).

54.     Plaintiff has a sincerely held religious beliefs, based in Christianity.

55.     Plaintiff seeks God's guidance through prayer and the written word of God in the Bible and the New Testament.

56.     In accordance with Plaintiff's religious beliefs, she was taught that the body is the temple of the Holy Spirit and she must protect the physical integrity of the body.

57.    1 Corinthians 3:16-17 (*KJV*): "Know ye not that the temple of God, and that the Spirit of God dwelleth in you? If any man defile the temple of God, him shall God destroy; for the temple of God is holy, which temple ye are."

58.    1 Corinthians 6:19 (*KJV*): What? know ye not that your body is the temple of the Holy Ghost which is in you, which ye have of God, and ye are not your own?

59.    Another tenant of Plaintiff's faith is the sanctity of innocent life and thus, Plaintiff must strictly oppose abortion.

60.    Jeremiah 1:5 (*ESV*): Before I formed you in the womb I knew you, and before you were born I consecrated you; I appointed you a prophet to the nations.

61.    Genesis 1:27 (*ESV*): God created man in his own image, in the image of God he created him; male and female he created them.

62.    Thus, Plaintiff's sincerely held religious beliefs conflict with Defendant's Policy.

63.    Plaintiff informed Defendant of her sincerely held religious belief when she requested a reasonable accommodation from the COVID-19 vaccination mandate.

64.    As a result of her sincerely held religious beliefs, Plaintiff was terminated on November 23, 2022.

65.    In violation of Title VII, Defendant failed to engage in a meaningful interactive process and failed to provide a reasonable accommodation, despite having the ability to accommodate Plaintiff without an undue burden.

66.    Defendants would not have been "unduly burdened" in accommodating plaintiff's requests as Plaintiff's position was non-patient facing and she had worked remotely during the COVID-19 pandemic. Plaintiff could have continued to work remotely without causing a financial or operational burden on Defendant.

67.    Defendant has subjected Plaintiff to discrimination and failed to accommodate her on the basis of her religious beliefs in violation of Title VII by denying Plaintiff a reasonable accommodation and ultimately terminating her for her sincerely held religious beliefs.

68.    Plaintiff has suffered damages as a result of Defendant Christiana Care's unlawful discriminatory actions, including past and future lost wages and benefits, compensatory damages, and the cost of bringing this action.

### COUNT II
**Failure to Accommodate in Violation of the Americans with Disabilities Act of 1990, 42 U.S.C § 12101 *et seq*.**

69.    The allegations of Paragraphs 1 through 68 are fully incorporated by reference as if fully restated herein.

70.    Defendant employs fifteen or more employees and is an "Employer" as defined by 42 U.S.C. § 12111(5).

71.    At all times relevant hereto, Plaintiff was employed by Defendant and is an "Employee" as defined by 42 U.S.C. § 12111(4).

72.    Plaintiff received a Right to Sue letter from the EEOC on September 16, 2022 (*Exhibit A*). Plaintiff has satisfied all statutory prerequisites for filing this action.

73.    Plaintiff suffered a medical emergency leading to her hospitalization which constitutes a disability as defined by 42 U.S.C. § 12102.

74.    On September 2, 2021, Plaintiff was hospitalized for an emergency medical condition.

75.    Upon her release from the hospital, Plaintiff was advised by her medical providers to forgo the COVID-19 vaccination.

76.     On or around September 14, 2021, Plaintiff submitted a medical accommodation request form.

77.     Shortly thereafter, Plaintiff was verbally notified her medical accommodation request was denied.

78.     Defendant failed to engage in any discussions with Plaintiff regarding her accommodation request.

79.     Defendant was required to initiate the interactive process with Plaintiff to identify the limitations resulting from her disability and potential reasonable accommodation that could overcome those limitations.

80.     Defendant failed to state an undue hardship it would have suffered by providing Plaintiff with her requested reasonable accommodations.

81.     Defendant engaged in an adverse employment action against Plaintiff by terminating her because of her disabilities.

82.     Plaintiff has suffered damages as a result of Defendant Christiana Care's unlawful discriminatory actions, including past and future lost wages and benefits, compensatory damages, and the cost of bringing this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A. Declare the conduct by Defendant to be in violation of Plaintiff's statutory rights and common law rights.

B.   Awarding Plaintiff any and all compensation due as a result of the violations herein including, but not limited to lost wages, salary, employment benefits, back pay, front pay and any or all pecuniary damages.

C.   Awarding Plaintiff punitive damages.

D.   Awarding Plaintiff compensatory damages.

E.   Awarding Plaintiff an equal and additional amount as liquidated damages.

F.   Awarding Plaintiff costs and reasonable attorney's fees.

G.   Awarding Plaintiff pre and post judgement interest at the legal rate.

H.   Any and all such other relief as the Court deems appropriate under the circumstances.

**ALLEN & ASSOCIATES**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
Margaret W. Taviano (#6932)
4250 Lancaster Pike Suite 230
Wilmington, DE 19805
302-234-8600
302-397-3930 (fax)
michele@allenlaborlaw.com
margaret@allenlaborlaw.com
*Attorneys for Plaintiff*

Dated: December 15, 2022.